**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**NORTHERN DIVISION**

| | |
|---|---|
| JEFFREY FRANCIS, Individually and for Others Similarly Situated<br><br>v.<br><br>NYRSTAR US MINING INC. and NYRSTAR TENNESSEE MINES - STRAWBERRY PLAINS LLC | Case No. 3:25-cv-00364-TAV-DCP<br><br>Jury Trial Demanded<br><br>FLSA Collective Action |

# JOINT MOTION TO EXTEND REMAINING DEADLINES BY APPROXIMATELY NINETY DAYS

## 1. Summary.

The Parties jointly move under Federal Rules of Civil Procedure 16(b)(4) and 6(b)(1)(A) to extend, by approximately ninety (90) days, the deadlines in the Court's Scheduling Order, Doc. 30, that have not yet expired, and the October 23, 2026 date proposed (not ordered) in the Parties' Joint Proposed Discovery Plan for Francis's motion for Court-authorized notice, Doc. 34. The parties are working to settle this case and intend to mediate. They have exchanged payroll data and settlement demands, and a settlement, if reached and approved by the Court, would provide relief to hundreds of workers. The parties would rather devote their resources to settlement than to expensive discovery that may prove unnecessary. The first Scheduling Order deadline this motion seeks to extend falls on November 13, 2026, so the Parties ask the Court to rule as soon as practicable and before that date. This motion does not seek to extend any deadline that has already expired. An agreed order is attached.

## 2. Procedural History.

Francis filed his Original Collective Action Complaint on July 25, 2025. Doc. 1. On October 27, 2025, the Court dismissed Nyrstar US Inc. without prejudice. Doc. 28. The remaining defendants

are Nyrstar US Mining Inc. and Nyrstar Tennessee Mines – Strawberry Plains LLC (together, "Defendants").

On October 31, 2025, the Court entered a Scheduling Order. Doc. 30. The Scheduling Order sets a final pretrial conference for April 6, 2027, and trial for April 13, 2027. *Id.* ¶¶ 8–9. Its remaining deadlines are expressed as intervals before trial, including expert disclosures (180 days for plaintiff and 150 days for defendant, *id.* ¶ 4(e)), motions to amend and add parties and dispositive motions (150 days, *id.* ¶ 7(a)–(b)), completion of all discovery (120 days, *id.* ¶ 4(h)), and pretrial disclosures, the agreed pretrial order, motions in limine, and jury-instruction requests (30 days, *id.* ¶¶ 4(g), 6, 7(c)–(d)). The Scheduling Order also provides that if the trial date changes, the other dates remain as scheduled unless the parties seek an order changing them. *Id.* at 7.

On July 24, 2026, the Court ordered the parties to show cause why they had not filed a discovery plan. Doc. 32. The parties responded on July 31, 2026, acknowledging that no discovery plan had been filed, Doc. 33 at 1, and filed their Joint Proposed Discovery Plan the same day, Doc. 34. The plan proposes phased discovery: an initial period focused on Francis's efforts to certify a collective under 29 U.S.C. § 216(b), ending September 25, 2026; a motion for Court-authorized notice by October 23, 2026; and, within 14 days of the Court's order on that motion, a request for a status conference "to set the remaining deadlines." Doc. 34 at 2.

As the parties reported on July 31, 2026, they have exchanged initial disclosures, and Nyrstar has responded to written discovery served by Plaintiff and produced payroll records for the current Plaintiffs. Doc. 33 at 1–2. Those records were to be used to prepare damage estimates to be produced with a settlement proposal. *Id.* at 2. Since then, the parties have exchanged payroll data and settlement demands for the proposed FLSA collective, and they intend to mediate. The Court has not entered an order adopting the dates proposed in Doc. 34.

**3. Good cause exists to extend the remaining deadlines.**

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause is measured by diligence: a schedule may be modified "if [it] cannot reasonably be met despite the diligence of the party seeking the extension." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Where, as here, the request is made before the original time expires, the Court may extend a deadline for good cause. Fed. R. Civ. P. 6(b)(1)(A). This motion is filed before each deadline it seeks to extend, does not seek to extend any deadline that has already expired, and is the first request to modify the Scheduling Order.

*First*, the Scheduling Order's trial-based calendar cannot reasonably be met consistent with the phased plan the parties proposed and with their pursuit of settlement. Doc. 34 contemplates that Francis would move for Court-authorized notice by October 23, 2026, and that the remaining deadlines will be set after the Court rules on that motion. Doc. 34 at 2. Under the Scheduling Order, however, Defendants' expert disclosures and the deadlines for amendment, joinder, dispositive motions, and motions to compel fall on November 13, 2026, and all discovery closes December 14, 2026. Doc. 30 ¶¶ 4(e), 4(h), 7(a)–(b). Those dates would arrive before the Court has had an opportunity to rule on a motion for Court-authorized notice and before it is known who, if anyone, will join the case.

*Second*, the parties are working toward a resolution. They have exchanged payroll data and settlement demands and intend to mediate. A settlement, if reached and approved by the Court, would provide relief to hundreds of workers. The parties would rather spend their resources on that effort than on expensive discovery, expert disclosures, dispositive-motion practice, and pretrial preparation that a settlement may make unnecessary. An extension will allow the parties to pursue settlement without that expense to themselves and the Court.

*Third*, Francis has been diligent since the Court's July 24, 2026 Order. Francis recognizes that the discovery plan was not filed until July 31, 2026. Doc. 33 at 1. Since then the parties have exchanged initial disclosures, Nyrstar has responded to written discovery and produced payroll records, and Plaintiffs have used those records to prepare damage estimates. *Id.* at 1–2. The parties have since exchanged settlement demands for the proposed collective and intend to mediate.

*Fourth*, no party will be prejudiced. The Parties jointly request an extension that is approximately ninety days, and trial would remain on the Court's calendar.

**4. Requested relief.**

The Parties ask the Court to reset the final pretrial conference to Tuesday, July 6, 2027, at 2:00 p.m., and trial to Tuesday, July 13, 2027, at 9:00 a.m. (or to the nearest dates available on the Court's calendar), and to reset the following deadlines, none of which has expired. The proposed dates apply the Scheduling Order's intervals to the proposed trial date. Because the Scheduling Order states intervals rather than calendar dates, the table also lists the current dates computed from the April 13, 2027 trial date. Dates that fall on a weekend are moved to the preceding Friday. *See* Fed. R. Civ. P. 6(a)(1)(C), (a)(5). The Parties do not ask the Court to extend any deadline that has already expired.

| **Event** | **Current deadline** | **Proposed deadline** |
|---|---|---|
| Defendants' expert disclosures (Doc. 30 ¶ 4(e)) | Fri., Nov. 13, 2026 | Fri., Feb. 12, 2027 |
| Motions to amend pleadings and add parties (Doc. 30 ¶ 7(a)) | Fri., Nov. 13, 2026 | Fri., Feb. 12, 2027 |
| Dispositive motions (Doc. 30 ¶ 7(b)) | Fri., Nov. 13, 2026 | Fri., Feb. 12, 2027 |
| Motions to compel (Doc. 30 ¶ 4(h)) | Fri., Nov. 13, 2026 | Fri., Feb. 12, 2027 |
| Daubert motions (Doc. 30 ¶ 4(e)) | Mon., Dec. 14, 2026 | Mon., Mar. 15, 2027 |
| Completion of discovery; joint status report (Doc. 30 ¶¶ 4(h), 5) | Mon., Dec. 14, 2026 | Mon., Mar. 15, 2027 |
| Francis serves proposed pretrial order (Doc. 30 ¶ 6) | Fri., Feb. 26, 2027 | Fri., May 28, 2027 |
| Final witness lists (Doc. 30 ¶ 7(g)) | Fri., Feb. 26, 2027 | Fri., May 28, 2027 |
| Rule 26(a)(3) pretrial disclosures; agreed pretrial order; motions in limine; jury-instruction requests (Doc. 30 ¶¶ 4(g), 6, 7(c)–(d)) | Fri., Mar. 12, 2027 | Fri., Jun. 11, 2027 |
| Trial briefs (Doc. 30 ¶ 7(h)) | Mon., Mar. 29, 2027 | Mon., Jun. 28, 2027 |

| Event | Current deadline | Proposed deadline |
|---|---|---|
| Final pretrial conference (Doc. 30 ¶ 8) | Tue., Apr. 6, 2027, 2:00 p.m. | Tue., Jul. 6, 2027, 2:00 p.m. |
| Trial (Doc. 30 ¶ 9) | Tue., Apr. 13, 2027, 9:00 a.m. | Tue., Jul. 13, 2027, 9:00 a.m. |
| Francis's motion for Court-authorized notice (Doc. 34 at 2) | Fri., Oct. 23, 2026 (proposed) | Thu., Jan. 21, 2027 |

The Parties also ask the Court to reset the October 23, 2026 date proposed in Doc. 34 for Francis's motion for Court-authorized notice to January 21, 2027.

**5. Conclusion.**

For these reasons, the Parties respectfully request that the Court grant this joint motion and enter the agreed order attached to this motion.

Dated: October 22, 2026

Respectfully submitted,

**BRUCKNER BURCH PLLC**

**/s/ David I. Moulton**
By: ______________________________
Richard J. (Rex) Burch
Texas Bar No. 24001807
David I. Moulton
Texas Bar No. 24051093
5847 San Felipe, Suite 2400
Houston, Texas 77057
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

Michael A. Josephson
TX Bar No. 24014780
Andrew W. Dunlap
TX Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Phone: 713-352-1100
Fax: 713-352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

David W. Garrison
TN BPR # 024968
Joshua A. Frank
TN BPR # 033294
**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
200 31st Avenue North
Nashville, TN 37203
Telephone: (615) 244-2202
dgarrison@barrettjohnston.com
**ATTORNEYS FOR PLAINTIFFS**

**FORDHARRISON LLP**

**/s/ Chris Johnson by permission**

Mark E. Stamelos
Tennessee Bar No. 021021
150 3rd Avenue South, Suite 2010
Nashville, Tennessee 37201
Telephone: (615) 574-6700
Facsimile: (615) 574-6701
mstamelos@fordharrison.com

Christopher C. Johnson*
Florida Bar No. 105262
401 East Jackson St., Suite 2500
Tampa, Florida 33602
Telephone: (813) 261-7800
Facsimile: (813) 261-7899
cjohnson@fordharrison.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

On October 22, 2026, I served this document on all registered parties through the Court's ECF system.

**/s/ David I. Moulton**

David I. Moulton

## CERTIFICATE OF CONSENT

Under Section 6 of the Court's CM/ECF Rules and Procedures, I certify that counsel for Defendants, Christopher C. Johnson, has consented to the filing of this joint motion and the attached agreed order and to the use of his electronic signature on October 22, 2026 via email.

**/s/ David I. Moulton**

David I. Moulton